Spense & Garlick v. Iowa Valley Construction Company.

SPENSE & GARLICK v. IOWA VALLEY CONSTRUCTION COMPANY *et al.*

36  407
99  313

**Corporation:** LIABILITY OF STOCKHOLDERS. In a proceeding by a judgment creditor of a corporation to subject the property of an individual stockholder to its payment, it is a sufficient defense that, by the articles of incorporation, the stockholders are not individually liable beyond the amount of unpaid stock subscribed by them, and that defendant's subscription has been fully paid.

*Appeal from Marshall Circuit Court.*

TUESDAY, APRIL 29.

THE petition alleges that on the 4th day of May, 1871, the plaintiffs recovered judgment against the Iowa Valley Construction Company, an association of individuals doing business in Marshall county. That the judgment is unsatisfied. That on the 19th of June, 1871, execution was issued, and was afterward returned, no property found on which to levy. That there is no property of said company to satisfy the judgment. That the other individual defendants named are members of said company, and that they have received the benefit of the consideration for the rendition of the judgment. The petition asks that the defendants show cause why judgment should not be rendered and execution issued against them as individuals.

For answer defendants deny that they received the benefit of the consideration as averred. They admit that they are members of said construction company, and aver that their subscription has long ago been fully paid. That said company was duly incorporated under the laws of Iowa, and by the articles of incorporation defendants were not to be liable beyond the amount of their subscription.

To this answer the plaintiffs demurred as follows:

1. The answer admits defendants are stockholders in said company.

2. The mere fact of the payment of the amount of their subscriptions does not exempt the individual property of defendants.

3. The answer does not show that the capital stock or any assets of said corporation are in existence and within reach of process.

4. The answer does not offer to discover any property of the corporation.

5. It does not show how the capital stock is held, whether by the company or the individual members thereof.

The court sustained the demurrer and rendered judgment against defendants for the amount of plaintiff's claim. Defendants appeal.

*Brown, Wyllis & Williams* for the appellants. Subdivision 5, of section 1151, Revision, says: "Among the powers of such bodies corporate are the following:

To exempt the private property of its members from liability for corporate debts, except as herein otherwise declared.

By the demurrer the plaintiffs admit the articles of incorporation did not provide for such exemption. The answer avers the said corporation was duly incorporated under the laws of this State. The word "duly" means in the manner and at the time provided by law now in force.

A general allegation that a corporation was founded under that law is equivalent to an allegation of the particular purpose for which it was founded. *Lindsey* v. *Simonds*, 2 Abb. N. S. 69.

An averment that a meeting was duly convened implies it was regularly convened. *People* v. *Hawes*, 23 Barb. 403.

An averment that trustees had been duly appointed is an averment that they were regularly and legally appointed. *Conger* v. *Halliday*, 11 Paige, 314.

The allegation that a policy of insurance was duly assigned indicates the assignment was under seal, and for a good consideration. 23 Barb. 431.

Duly protested at maturity, is a good averment to admit

evidence of demand, refusal to pay, and notice of non-payment. *Woodbury* v. *Sackrider*, 2 Abb. 402.

Where the articles of the incorporation make the responsibility the same as if no corporation, then *scire facias* does not lie against the members. After judgment against the corporation, the remedy is by action on the original demand. *Southmayd* v. *Hubbard*, 3 Conn. 52; *Middletown Bank* v. *Magill*, 4 id. 28; *Knowlton* v. *Ackley*, 8 Cush. 93; *Harris* v. *Dorchester*, 23 Pick. 112.

Where the plaintiff seeks to make a stockholder liable for his unpaid stock, such plaintiff must show the stock is due. *Allen* v. *Montgomery R. R. Co.*, 11 Ala. N. S. 437.

At common law the members of a corporation are not individually liable. *Hampson et al.* v. *Weare*, 4 Iowa, 15; *Middletown Bank* v. *Russ*, 3 Conn. 135.

The personal liability of members of a corporation for the corporate debts depends solely on provisions of positive law to be strictly construed and not extended by implication. *Gray* v. *Coffin*, 9 Cush. 192; *Shaw* v. *Boylan*, 16 Ind. 384.

Even where dividends have been made to members, such members are not liable in an action at law although part of the corporate property had been assigned to the members in exclusion of *bona fide* creditors. Angell and Ames on Corp. (6th ed.), § 596; *Vose* v. *Grant*, 15 Mass. 505.

So where a stockholder withdraws his stock from the corporation when the corporation was indebted on bills which had previously been issued. *Spear* v. *Grant*, 16 Mass. 9; *McKellar et al.* v. *Stoul*, 14 Iowa, 359.

*Henderson & Merriman* for the appellees.

DAY, J. — It seems clear to us that the demurrer was improperly sustained. The proceeding of plaintiffs is a *scire facias* requiring defendants to show cause why they should not be made individually liable for a judgment against the Iowa Valley Construction Company. Defendants show for cause that said company is duly incorporated; that by the articles

of incorporation they were not to be liable beyond the amount of their subscription ; that their subscription has been fully paid.   It is one of the distinguishing features of incorporations that the individual property of its members may be exempt from liability for corporate debts.   Herein consists the great superiority of a corporation over a partnership or an unincorporated joint-stock company.   To this property of corporations the world is principally indebted for those great works of art which distinguish the civilization of the present century, and which have rendered steam and lightning useful servants of commerce.

Our statute authorizing any number of persons to associate themselves together and become incorporated for any lawful business, confers upon such body corporate the power to exempt the private property of its members from liability for corporate debts.   Revision, § 1151.

If, as the demurrer seems to assume, the exemption exists only when there is capital stock of the corporation in existence, it is of no practical importance ;   for to render the stockholder individually liable, it would be necessary only first to exhaust the property of the corporation.   Under such a construction the exemption would exist while it was unnecessary, and cease as soon as it became important.

It is claimed that the defendants are liable under the following provisions of the statute :

"Intentional fraud in failing to comply substantially with the articles of incorporation or in deceiving the public or individuals in relation to their means, or their liabilities shall subject those guilty thereof to fine and imprisonment or both, at the discretion of the court.   Any person who has sustained injury from such fraud may also recover damages therefor against those guilty of participating in such fraud.   The diversion of the funds of the corporation to other objects than those mentioned in their articles, and in the notices published as aforesaid (provided any person be thereby injured), and the payment of dividends which leave insufficient funds to meet the liabilities of the corporation, shall be deemed such

frauds as will subject those therein concerned to the penalties of the preceding section, and such dividends or their equivalent in the hands of individual stockholders shall be subject to said liabilities." Revision, §§ 1163 and 1164. When the above facts exist there can be no doubt that a stockholder may, in a case properly presented, be made liable to the extent above indicated. But fraud is never presumed. In this case it is not even averred in the petition. It is sought to render the defendants liable simply from the fact that they are members of an impecunious corporation. Such fact alone does not render them liable. Nor are they required in answer to the *scire facias* proceeding to purge themselves from a fraud with which they are not charged.

When the proper proceeding is instituted to render them liable under the statute, they may be called upon to show how the capital stock of the corporation is held, and to discover the corporate property. For the present it is enough for them to say that they have paid their subscriptions, and that the articles of incorporation exempt them from liability beyond.

Reversed.